THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILWAY COMPANY AND OTHERS, APPELLANTS.

*Action by the attorney-general to dissolve a corporation — it may be brought under section* 1948 *of the Code of Civil Procedure without obtaining the leave of the court — an order granting leave to bring the action will not be reversed on appeal — the court may make the order without notifying the party proceeded against of the application — effect of the setting aside of the order upon the action if already commenced.*

It is not necessary for the attorney-general to obtain the leave of the court to bring an action, under section 1948 of the Code of Civil Procedure, against persons assuming to act as a corporation within this state without being duly incorporated.

The court at General Term will not reverse upon appeal an order made by the court, under section 1799 of the Code of Civil Procedure, granting leave to the attorney-general to bring an action to procure a judgment vacating the charter, or annuling the existence of a corporation, for one of the reasons specified in section 1798 of the said Code, unless, perhaps, in an extreme case where the complaint is on its face wholly without foundation.

*Quære,* as to what effect the reversal or vacating of an order allowing such an action to be brought would have upon the action if it had already been commenced.

Whether or not notice of the application for the order shall be given to the corporation to be sued rests in the discretion of the court, and its failure to require any notice to be given does not render the order subsequently made invalid.

APPEAL from an order made at a Special Term denying a motion to vacate an *ex parte* order granting the plaintiffs leave to bring this action.

The complaint alleged that the Boston, Hoosac Tunnel and Western Railway Company was the name of a combination or

association of persons claiming and pretending to be a corporation, and exercising corporate rights and franchises within this State without having been lawfully incorporated, and, also, that it had willfully exceeded all the powers it could possibly have as a corporation if it had been duly incorporated. It set forth the facts which were claimed to establish these allegations. It prayed for a judgment declaring that the said defendant was not a lawful corporate body, and that the pretended corporation be annulled and forever ousted from all corporate privileges and franchises, or declaring the same to have been forfeited by the willful excess and abuse of its powers.

*Leslie W. Russell,* attorney-general, and *George F. Comstock,* for the respondents.

*E. W. Paige,* for the appellants.

By THE COURT:

In some aspects of the complaint, this action may be held to have been brought under section 1948, subdivision 3, Code of Civil Procedure, and the principal point of the complaint seems to be that the defendants are not duly incorporated. There may be some aspects, however, under which the action, in part at least, may be thought to have been brought under section 1798. The attorney-general, either taking the latter view, or else, out of greater precaution, obtained leave of the court under section 1799.

So far as we see, it is not necessary to obtain leave to bring an action under section 1948. The reason for the distinction is probably that the cases under that section are those of the exercise of, or intrusion into, offices or franchises, to which the party has no right, while the cases under section 1798 are, in general terms, those of an abuse of a franchise which the party possesses. But as some of the allegations of the complaint may be considered to charge the defendant, even assuming that it was legally incorporated, with a violation of law in certain of its acts, we may, for the purpose of this motion, treat this action as one in which it was necessary to apply for leave. Section 1799 provides that the court may, in its discretion, require such previous notice as it thinks proper.

Previous notice is therefore in the discretion of the court, and we cannot say that the order was void for want thereof.   Nor can we say that it is entirely beyond the power of the court, which granted leave, to revoke it.   Yet it is evident, from the nature of the order granting leave to bring an action, that the case would be an extreme one in which the order should be set aside.   It is not clear what would be the effect of setting aside such an order.   As the action would have been properly commenced, would it not still continue, even though the order granting leave were set aside?   After the action was pending and ready for trial, and perhaps after it had been tried, could the action be abated, or annulled, by a mere order setting aside the order which granted leave ?   To illustrate : leave is granted to sue a receiver.   The action is commenced and prosecuted to actual trial.   Could the court then deprive the plaintiff of his labor by setting aside the order granting leave to sue ?   Would not the action still be in existence even if that order were set aside ? And would not the plaintiff be entitled to go on with the action thus lawfully commenced?   If the views thus suggested were correct it would be of no practical use to set aside the order, even if a proper case were made.

But there is a further consideration.   It is plain that it would be improper to try the merits of this case on this appeal.   A prompt disposition of the case may be very desirable for both sides.   Yet to decide on the merits upon a mere appeal from a refusal to set aside the order granting leave to sue, is certainly improper.   And while in many cases a party has a right to the exercise of the discretion of this appellate court, yet there are others in which the orderly conduct of actions would hardly permit a review.   This action is commenced and the defendant has appeared.   Assuming that there might be an extreme case where a complaint was on its face utterly without foundation, no one would say that the present was such a case after an examination of the papers.   We do not wish to speak, in any detail, of the questions presented.   Because we desire to avoid the least intimation of our opinion on the merits. We have not considered it necessary to form any opinion as to those merits.   But it would be difficult to point out the importance of the questions which are raised without seeming to indicate an opinion one way or the other thereon.   The granting of leave to

bring the action is not a decision in favor of the people. It is but an expression of the opinion of the court that enough has been shown to permit the attorney-general, if he chooses, in his discretion, to bring the action. For it must be remembered that the question whether or not, in any case, an action shall be brought against one who intrudes into, or unlawfully abuses a franchise, etc., is not for the judiciary to detemine; but for the State through its attorney-general. No one but the State can complain of such unlawful intrusion or abuse of power. And in this respect the attorney-general represents the State. The responsibility rests upon him of deciding, as to each case, whether it is wise to take any action, whatever. And in this present case, as we have already seen, so far as the question is concerned whether the defendants are a corporation, the attorney-general seems to have a right to bring the action without leave.

It is urged with much force by the defendants that they have expended large amounts of money, and are ready to expend more in the construction of their road; and that the mere pendency of this action stops all work and alarms those who would otherwise invest money in the enterprise. But these are considerations which should be addressed to the attorney-general. It might seem that if persons were willing to purchase land and build a railroad thereon, the State would have no reason to object to the enterprise, whether such persons had or had not, in due form, organized themselves into a corporation; that the interests of the State would be promoted by everything which increased facility of travel and of transportation, and that the only opponents of the work would be the owners of rival lines. These, however, are questions of policy which are not for us to decide. We mention them merely to indicate that on this appeal we do not pass on the merits of the case nor on the policy of bringing the action.

We only say that in our opinion we ought not to reverse the order refusing to set aside the order granting leave to sue.

Order affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., and BOARDMAN, J.

Order affirmed, with ten dollars costs and printing disbursements.